Taylor, Chief-Justice.
diwexlimie. — The Sheriff*»» deed to James Register, exhibited by the Defendant, slu*\vs Unit these Linds were sold for the taxes in 1816, when the said James Register became the purchaser, “ not having bid off a less quantity than the whole.” The latter circumstance, according to my construction of the act of 1798, relativo to the laud tax, operated to divest tho title oat of James Register, w iíhoní any possibility of acquiring it again, except by a new entry as vacant bnd, after the a; veral provisions 5» the act oboTd have been L’rrrpüH wL'h tsy the Sheriff. The fourth section of tho law, enact', in distinct terms, that If no person shall bid a smaller quantity than the whole, ik-u the whole of tho land shall be considered a bid for the Governor, and tho sheriff shall strike off the same to Mia accordingly, and execute to him and his successors a good and sufficient deed of conveyance. Here no person did hid ihvsi smaller quantity than the whole. Is mí a bid was made for the whole* anil consequently She case has happened which the Legislature intended should designate the Governor as a purchaser for the benefit of the Stale. Tho provisions for making a deed, registering it in tho County Court and recording it in the Secretary’s office, are all intended to authenticate the transaction, so that it might he known what land was liable to entry. — No person having bid for a less quantity Iban the whole, vested a right in the State, and was equivalent to an office of on titling ; hut as the State having hut a right:, and not a *20 seisin cannot make a grant of lands, the ulterior steps ^0l> comP^e^nS l'ie seisin are pointed out — (S Co. 10, Dowtie’s case.) The sheriff’s deed appears to me to be altogether void, upon principles as firmly established as any in the law, and which have been maintained with an uniformity and consistency of decision strongly indicative of their importance to the community. It professes to sell by virtue of the act of 1798, and in pursuance of its directions, when in truth the sale, as evidenced by the deed, is in direct opposition to the act. To sustain this deed is to transfer the legislative power to the sheriff* and so allow him to sell land for taxes, not in the manner prescribed by the written law, but according to his private notions of what is right, and would place at his discretion the property of every citizen in the Slate.— This case must be governed by the same rules as if the purchaser from the sheriff, were a stranger instead of being the owner of the land, when the tax became due. If Bryan’s land has been legally sold to him, it must have been sold with equal validity, if a stranger had been a purchaser, and the)! the injurious operation of sanctioning the sale would have been manifest. The land Was given in for taxation in two separate tracts, and it may he supposed that the taxes, which were only five and a half dollars, might have been raised by the sale of either tract. The Legislature aimed to prevent a sacrifice of entire tracts of land while it was possible to raise the tax from the sale of a less portion ; 01* if a sacrifice was unav oidable, that it should be made on the altar of the State for the benefit of the whole community. It is a well known rule of the common law, that when a special authority is delegated by statute to particular persons, affecting the property of individuals, it must be strictly pursued j and appear to beso on the face of their proceedings. This rule is rigidly adhered to in a case even where a Jury was made necessary to assess the value of land of which a person was deprimí — Rex *21 v. Croke - (Cowp. 26.) How much moro important is its observance, where the whole authority is to be oxer-owed by a singlo ministerial officer.
Nor are American decisions wanting- in support of tiie same doctrine. By the tax law of Georgia, the collcc-;w was authorised to soil land, only on the deficiency of die per;amul estate $ and then to sell only so much as was necessary to pay the taxes in arrear. Under those laws, tiie sale of a whole tract, when a small part would have been sufficient to pay the laxes, was held void j and it was laid down that a collector selling for taxes, must iici in conformity with the law from which his power is derived, and that the purchaser is bound to enquire who-slier ha has so acted, and is also bound to prove the an-thority to sell — (4 Cranch, 402.) in the Court of Appeals in Virginia, it has been decided in a case arising tinder the tax laws, that ai> authority given by law to any officer, whereby the estates or interests of other persons may he forfeited or lost, must be strictly pursued in every instance--(1 Mutt. 419.)
And in a question on the act of Congress to lay and collect. a direct tax, it has been decided that all ¿he preliminary requisites of the law must be complied with, otherwise the collector has no authority to sell, and iiis conveyance passes no title — (9 Cranch 65 — 4 Wheat 77.) The hitter branch of the decision has been recog-nised iii the Biate Courts — (4 Mun. 435.) To these cases, Í will add one in the late Supreme Court, in which, if; was held, that where the sheriff sold an entire tract of Laid for taxes on tiie whole, when no tax was due for one third part, the sale was void. The ground of the decision was, that: the sheriff, having transcended his authority, his whole act was void 5 in other words, that the sale could not be sustained even for the two thirds of the land fin* which the taxes were due — (N. C. Term Rep. 41.) These are the reasons and authorities which have led me to believe that the true construction of the act of *22 1798 would divest James Register of the land, when a bid was made for the whole, and vest the right in the Governor for tiie benefit of the State; and I know of no case 0ppOSe t0 this construction, except that of Lucy v* Martin, decided in 1809. 1 was of the same opinion in that case which I now entertain, for I had considered it though I had no opportunity of delivering a Judicial opinion. My brothers, however, differ from me, and there must be a judgment of affirmance.